## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANKLIN ALMA, : | |
| : | |
| Petitioner, : | Case No. 3:08-CV-766 |
| : | |
| v. : | (Judge Kosik) |
| : | |
| RONNIE R. HOLT, Warden, et al., : | |
| : | |
| Respondents. : | |

### MEMORANDUM

Petitioner in this action is Franklin Alma, who is incarcerated at the U.S. Penitentiary at Canaan.  Before us is Alma's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which he filed on March 13, 2008.  (Doc. 1.)  Alma alleges that three detainers lodged against him while in federal custody have been unlawfully used to increase his security level.  He states that the detainers "are being applied to classify and restrain his liberty at a more severe security than is applicable without said detainers of arrest."  Respondents filed their Response to Petition for Writ of Habeas Corpus on May 20, 2008.  (Doc. 6.)  Alma has not filed a traverse.

Respondents argue that Alma's petition must be dismissed because Alma has failed to exhaust his administrative remedies.  Respondents state that the classification of Alma's petition as either a habeas petition or a Bivens action has no bearing on the petition's disposition, because either would require exhaustion.  We agree.

Congress enacted the Prison Litigation Reform Act of 1995 (the "PLRA"), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e et seq., to "to reduce the quantity . . . of prisoner suits," in part by requiring an "invigorated" exhaustion provision.  See Woodford v. Ngo, 548 U.S. 81, 84 (2006).  Section 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under the PLRA, prisoners are required to exhaust their administrative remedies

before bringing "any suit challenging prison conditions, not just for suits under § 1983." Woodford, 548 U.S. at 85.  "Exhaustion is no longer left to the discretion of the district court, but is mandatory." Id.

To the extent that Alma's petition challenges the conditions of his confinement, he must exhaust the Bureau of Prison's administrative remedies.  According to Respondents, Alma has failed to file any administrative grievance.  Alma has not responded to assert that he has filed a grievance or exhausted his administrative remedies.

Alternatively, to the extent that Alma's petition is construed as a habeas petition under § 2241 that does not challenge the conditions of his confinement, he must still exhaust: "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Again, Alma has not demonstrated any reason for his lack of administrative exhaustion.

Because Alma has not exhausted his administrative remedies, we will deny his petition for writ of habeas corpus without prejudice.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

---

FRANKLIN ALMA,                                :
                                              :
                          Petitioner,   :
                                              :    Case No. 3:08-CV-766
          v.                             :
                                              :    (Judge Kosik)
RONNIE R. HOLT, Warden, et al.,               :
                                              :
                       Respondents.  :

---

### ORDER

    AND NOW, this 28th day of August, 2008, IT IS HEREBY ORDERED THAT:

1.  The petition for writ of habeas corpus is **DENIED** without prejudice; and

2.  The Clerk of Court is directed to **CLOSE**  this case.


                    *s/Edwin M. Kosik*
                    United States District Judge